**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RODNEY CARSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WILLIAM SIM et al.,**<br><br>**Defendants.** | ) | **Civil Action No. 04-1641 (RWR)** |

**MEMORANDUM ORDER**

Plaintiff Rodney Carson brings this action against his former employer, the Potomac Electric Power Company ("Pepco") and its President, William Sim, alleging in his amended complaint claims of discrimination and retaliation based on race, sex, and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 et seq., intentional infliction of emotional distress, and breach of contract. Carson filed a pre-discovery motion for partial summary judgment on specified "conduct" alleged to be retaliatory (Pl.'s Mot. for Part. Summ. J. at 1) or on the issue of retaliation. (Pl.'s Mem. in Supp. of Mot. for Part. Summ. J. ("Pl.'s Mem.") at 3.) The defendants move to strike Carson's motion because the motion fails to comply with Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. (Defs.' Mot. to Strike at 1.)

Insofar as Carson's motion is addressed to specified conduct, the motion is premature. It was filed before any order scheduling discovery has been entered in this case, and he does not show that the defendants otherwise have had any opportunity to take discovery about specified conduct with which to respond to the motion. In addition, the defendants' earlier-filed motion to dismiss is pending and deserves to be addressed first. Insofar as Carson's motion is addressed to the issue of retaliation, "a party may not file a motion for partial summary judgment on a fact or an element of a claim. See Beard v. D.C. Housing Authority, 584 F. Supp. 2d 139, 140 n.1 (D.D.C. 2008) (denying plaintiff's motion for partial summary judgment because '"Rule 56 does not contemplate a motion for partial summary judgment of the sort [plaintiff] has filed[,]" and judgment "may not be entered as to a fact or an element of a claim"') (quoting LaPrade v. Abramson, Civil Action No. 97-10 (RWR), 2006 WL 3469532, at *8 (D.D.C. November 29, 2006))." Franklin-Mason v. Penn, Civil Action No. 03-945 (RWR), 2009 WL 1931151, at *2 (D.D.C. July 7, 2009); see 10B Charles Alan Wright et al., Fed. Practice & Procedure § 2737, at 316 (2d ed. 1998).

Further, Carson failed to fully comply with Local Civil Rule 56.1. Local Civil Rule 56.1 states in relevant part:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on

> to support the statement. . . . Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities and proposed order as required by LCvR 7(a), (b) and (c).

Carson's motion does not contain a proposed order, and Carson's statement of material facts to which there is no genuine dispute contains numerous assertions that lack any citation to factual support in the record. "Where a party fails to comply with Rule 56(e) or to file a proper statement of material facts in dispute pursuant to a local rule, the circuits are in agreement that the district court is under no obligation to . . . evaluate the merits of that party's case." Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 154 (D.C. Cir. 1996). Therefore, it is hereby

ORDERED that plaintiff's motion [31] for partial summary judgment be, and hereby is, DENIED without prejudice, and the defendants' motion [32] to strike plaintiff's motion for partial summary judgment be, and hereby is, DENIED as moot.

SIGNED this 24st day of September, 2009.

/s/
RICHARD W. ROBERTS
United States District Judge